UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**ALL PETROLEUM-PRODUCT CARGO ABOARD THE SUEZ RAJAN WITH INTERNATIONAL MARITIME NUMBER 9524475,**<br><br>　　**Defendant.** | Civil Action No. 23-882 (JEB)<br><br><u>Under Seal</u> |

**MEMORANDUM OPINION AND ORDER**

　　The United States has moved to "place under seal" its Complaint, "as well as all other pleadings, records, and files" in this *in rem* action for civil forfeiture of crude oil that it alleges was illegally obtained from Iran, a designated state sponsor of terrorism. <u>See</u> ECF No. 2 (Motion to Seal) at 1; ECF No. 1 (Complaint), ¶¶ 1–2. The Government explains that according to its Deferred Prosecution Agreement with the criminal defendants in a (sealed) companion criminal case, <u>see</u> <u>United States v. Empire Navigation et al.</u>, No. 23-88 (D.D.C.) (Nichols, J.), those defendants plan to "assist the [G]overnment in transporting the illicit Iranian oil" to the United States. <u>See</u> Mot. at 2–3. The Government therefore represents that it will "seek to unseal this matter following the successful transit" of the oil "to its final destination pursuant to" that agreement. <u>Id.</u> at 3.

　　Because the Motion seeks to temporarily seal the Complaint and all documents associated with it, the Court will treat it as a motion to temporarily seal the case itself. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this

1

case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motions in any case not already assigned," including "motion[s] to seal the complaint"); LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

**I.      Legal Standard**

Generally, a plaintiff filing a civil complaint must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22)).

Although granting the Government's request will necessarily also conceal the identities of the parties in this action, its anticipated unsealing will soon reveal those identities. See Mot. at 3. At this stage, the Court therefore refrains from separately addressing the distinct five-factor test that would apply if the Court were to treat this Motion "akin to a request to proceed under a pseudonym." Doe v. Lieberman, No. 20-2148, 2020 WL 13260569, at *2 (D.D.C. Aug. 5, 2020) (citing James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). In any event, the Court's discussion

of the Hubbard factors that follows implicates the factor of the pseudonymous-filing inquiry that is most relevant here — the risk of harm to third parties — and so suffices at this stage. See In re Sealed Case, 931 F.3d 92, 97 (D.C. Cir. 2019) ("A court that fails to consider [one of the enumerated factors for pseudonymous-filing inquiries] does not automatically abuse its discretion, as long as it has considered the factors relevant to the case before it.").

**II.     Analysis**

At this early juncture of the case, the Government has met its burden to overcome the presumption in favor of public access to court records. The Court will address each Hubbard factor in turn.

The first, "the need for public access to the documents at issue," weighs in favor of disclosure. This civil-forfeiture action is not the sort of traditional criminal proceeding to which courts have recognized a heightened public interest attaches. See Hubbard, 650 F.2d at 317. It is, however, linked to a related, sealed criminal case, see Mot. at 2–3, and the facts underlying these cases have been the subject of a civil action in New York and some media coverage. See Jon Gambrell, Court Filing Seeks to Seize Iran Oil on US-Owned Tanker, AP News (Mar. 4, 2022), https://tinyurl.com/bdfk5hyy. The public need for access to these documents is therefore significant, though it is somewhat mitigated by the Government's representation that it will seek an unsealing order once the cargo reaches its "final destination." Mot. at 3. The Government's representation that the case will be unsealed upon the completion of a discrete event is sufficiently specific to mitigate the need for public access. Cf. Amato ex rel. United States v. Branch Banking & Tr. Co., No. 16-599, 2018 U.S. Dist. LEXIS 101880, at *5 (D.D.C. May 8, 2018) (declining to acknowledge mitigation to public interest where party seeking sealing "failed to specify the exact duration of a temporary seal").

The second factor is "neutral," as "the public did not have prior access to the pleadings because the Complaint was filed under seal." United States ex rel. Grover v. Related Cos., LP, 4 F. Supp. 3d 21, 26 (D.D.C. 2013) (citing United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011)). "There is thus no previous access to weigh in favor" of disclosure. Hubbard, 650 F.2d at 318–19.

At this stage, the third factor weighs in favor of granting the Motion. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). The Court is not aware of any objection to the Motion, and the judge to whom this case is randomly assigned remains free to revisit this sealing decision.

The fourth Hubbard factor further tips the scale towards non-disclosure. As the Motion explains, given the sensitive "nature of the cargo" and the "time it will take to transport" it to the United States, revealing the action would "cause significant security risks to involved parties, the government, and physical risks to the vessel and its crew members." Mot. at 3. The Government has therefore asserted a privacy interest that implicates potentially grave threats to a sensitive maritime operation and the individuals engaged in it. See Hubbard, 650 F.2d at 324 (considering privacy interests of "'innocent third-parties'").

The fifth factor, which concerns prejudice to the party opposing disclosure, further supports non-disclosure. Id. at 320–21. The Government argues that because its "criminal investigation remains ongoing," disclosure of its filings in this related case "could compromise the ongoing criminal investigation and cause a risk of the spoliation of evidence." Mot. at 3. Although the Complaint does contain allegations that reveal details about the Government's knowledge and sources, see, e.g., Compl., ¶ 33 (describing a confidential source), the

4

Government does not support such allegations with citations to the Complaint or an affidavit detailing how disclosure could harm the investigation. Nor does it explain why filing a redacted copy on the docket would not mitigate that harm. The Court therefore acknowledges that this factor supports non-disclosure but declines to assign great weight to it.

The sixth and final factor, "the purposes for which the documents were introduced," Hubbard, 650 F.2d at 321, weighs in favor of disclosure. The Government has "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so," and thus its civil Complaint was introduced for a public purpose. Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). The Government has declined, furthermore, to seek a limited redaction and has instead opted for the more "drastic remedy of sealing portions of the record" in their entirety. Zapp, 746 F. Supp. 2d at 151.

At the end of the day, although the first and sixth factors do weigh in favor of disclosure, the heft of those factors is diminished to some extent by the Government's representation that it will soon seek to unseal this matter. On the other side of the scale, the third through fifth factors weigh heavily against disclosure, as such a step poses significant threats to safety and could potentially impede an ongoing sealed criminal investigation. The Court will therefore grant the Motion, and it will leave any future decision to unseal this docket or any filings in it for the judge to whom it is randomly assigned. See Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."); see, e.g., United States v. 8,440,190.00 in U.S. Currency, 719 F.3d 49, 53 (1st Cir. 2013) ("Once [the related] criminal convictions were all wrapped up, the court ordered the forfeiture case unsealed.").

The Court accordingly ORDERS that the Government's Motion to Proceed Under Seal is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: April 10, 2023